UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| IN RE: THE MATTER OF THE ) <br> THE COMPLAINT OF ST. JUDE ) <br> AND NEW MADRID HARBOR ) <br> SERVICE, INC., OWNER OF THE ) <br> M/V CITY OF NEW MADRID FOR ) <br> EXONERATION FROM OR ) <br> LIMITATION OF LIABILITY ) <br> ) | Case No. 1:14CV83 SNLJ |

**MEMORANDUM AND ORDER**

Justin H. Smith was seriously injured while working aboard the M/V CITY OF NEW MADRID, which is a vessel owned by St. Jude & New Madrid Harbor Service and operated on the Mississippi River. Mr. Smith filed a petition for damages in the Circuit Court of New Madrid County, Missouri, Case No. 14NM-CV00158, seeking redress for his injuries from St. Jude & New Madrid Harbor Service.

Petitioner St. Jude & New Madrid Harbor Service filed this Limitation of Liability action on June 6, 2014 pursuant to 46 U.S.C. § 30505, § 30511, and Supplemental Admiralty Rule F. As mandated by Rule F(3), once a vessel owner complies with the requirements of Rule F(1), all claims and proceedings against the owner cease as a matter of law. In accordance with that rule, on June 11, 2014, this Court issued an order restraining all suits and ordering all persons to "file their respective claims with the Clerk of this Court and to serve on Petitioner's attorneys a copy thereof on or before August 15, 2014[.]" (#11.) Mr. Smith's state court case was stayed as a result of that stay.

Mr. Smith has filed a Motion to Dissolve and Lift that stay order (#12) pursuant to the Savings-to-Suitors clause, 28 U.S.C. § 1333. Specifically, Mr. Smith states that the

Court must dissolve the stay under the "single claimant" exception to the Limitation Act so that he can have his cause heard by a jury.

Petitioner St. Jude & New Madrid Harbor Service ("St. Jude") opposes lifting the stay at this time. First, St. Jude argued that Mr. Smith was not a claimant in this case because he had not yet filed a claim in the case pursuant to this Court's order. Mr. Smith has now filed such a claim, however (*see* #16).

Second, St. Jude argues that it is premature to lift the stay on the basis that this is a "single claimant" case because the deadline for claim filings — August 15, 2014 — has not yet passed. Claimant Smith argues that there is no reason to expect more claimants because he was the only person injured in the accident. He states there is "little, if any, possibility of another claim." Claimant cites considerations of the interests of justice and judicial economy in arguing for an early lift of the stay.

The deadline for claim filings is only one month away. Although claimant knows of no property damage to the boat or barge involved in the accident, the Court is reluctant to shorten the claims-filing period on plaintiff's word alone. Prudence dictates that the parties and Court wait until the claims-filing period expires before determining whether this is a single-claimant case. Claimant cites no actual harm to him or his case by waiting one month, and he is not able to say for certain whether a property or other claim may be filed in the meantime.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Dissolve and Lift Stay Order (#12) is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that, should petitioner continue to oppose the lifting of the stay following expiration of the claims-filing deadline, the petitioner shall file its memorandum in opposition no later than August 22, 2014. Claimant shall have until August 29, 2014 to file its renewed reply.

Dated this __17th__ day of July, 2014.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE