**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: THE MATTER OF THE | ) | |
| THE COMPLAINT OF ST. JUDE | ) | |
| AND NEW MADRID HARBOR | ) | |
| SERVICE, INC., OWNER OF THE | ) | |
| M/V CITY OF NEW MADRID FOR | ) | Case No. 1:14CV83 SNLJ |
| EXONERATION FROM OR | ) | |
| LIMITATION OF LIABILITY | ) | |
| | ) | |

**MEMORANDUM AND ORDER**

Justin H. Smith was seriously injured while working aboard the M/V CITY OF

NEW MADRID, which is a vessel owned by St. Jude & New Madrid Harbor Service and

operated on the Mississippi River.  Mr. Smith filed a petition for damages in the Circuit

Court of New Madrid County, Missouri, Case No. 14NM-CV00158, seeking redress for

his injuries from St. Jude & New Madrid Harbor Service.

Petitioner St. Jude & New Madrid Harbor Service filed this Limitation of Liability

action on June 6, 2014 pursuant to 46 U.S.C. § 30505, § 30511, and Supplemental

Admiralty Rule F.  As mandated by Rule F(3), once a vessel owner complies with the

requirements of Rule F(1), all claims and proceedings against the owner cease as a matter

of law. In accordance with that rule, on June 11, 2014, this Court issued an order

restraining all suits and ordering all persons to "file their respective claims with the Clerk

of this Court and to serve on Petitioner's attorneys a copy thereof on or before August 15,

2014[.]" (#11.)  Mr. Smith's state court case was stayed as a result of that stay.

On August 28, 2014, and by agreement of the parties, this Court lifted the stay of Smith's state court case pursuant to the Savings-to-Suitors clause, 28 U.S.C. § 1333. That is, because Smith was the only claimant to file in the case, the Court dissolved the stay under the "single claimant" exception to the Limitation Act so that Smith could have his cause heard by a jury.

The parties have provided the Court with status reports since that stay was lifted. On May 19, 2017, a jury found in favor of St. Jude on all counts. On March 7, 2018, the state court judge entered a "Final Judgment and Decree" in favor of defendant St. Jude. St. Jude therefore requests that this Court issue an order exonerating petitioner St. Jude based on the jury verdict finding that St. Jude was not negligent or its vessel unseaworthy and on the state court's judgment in favor of St. Jude on liability.

Claimant Smith opposes entry of judgment at this time because he intends to appeal the state court judgment against him. St. Jude responds that issue preclusion applies: because one judgment already concluded St. Jude is not at fault for this incident, and that judgment is binding on claimant, the claimant does not get another day in court. Plans to appeal a judgment based on a jury verdict is not grounds for avoiding issue preclusion. *Noble v. Shawnee Gun Shop, Inc.*, 316 S.W.3d 364, 369 (Mo. App. 2010) ("Under Missouri law, a judgment on the merits at the trial-court level is considered a final judgment for purposes of res judicata and collateral estoppel, even if the appeal of that judgment is still pending.").

If Claimant Smith is successful in his appeal of his state court case, his remedy is to move for relief from a final judgment under Federal Rule of Civil Procedure 60(b).

Accordingly,

**IT IS HEREBY ORDERED** that petitioner St. Jude & New Madrid Harbor

Service's request for entry of judgment will be granted.

Dated this __22nd__ day of May, 2018.

                        _____
                        STEPHEN N. LIMBAUGH, JR.
                        UNITED STATES DISTRICT JUDGE